INGA KINDEN *vs.* REGINALD FOSTER, *et al.*

FEBRUARY 3, 1938.

PRESENT: Flynn, C. J., Moss, Baker and Condon, JJ.

42

 

FLYNN, C. J. This action of assumpsit to recover damages for breach of an agreement, allegedly entered into between the plaintiff and the defendants'. testatrix, was tried in the superior court before a justice sitting with a jury. At the conclusion of the plaintiff's evidence, the motion of the defendants for non-suit of the plaintiff was granted by the trial justice. The case is before us upon the plaintiff's exceptions to such ruling and to other rulings during the trial, excluding and striking out certain testimony offered by the plaintiff.

The declaration contains three counts, the first of which alleges substantially that the plaintiff gave up her own home and business in New York to come and live with defendants' testatrix, Fanny Foster, in Newport, at the latter's request and in consideration of her promise whereby the plaintiff was entitled to receive from the defendant a certain bungalow as a home and in addition subsistence, support and necessities during her life. The second count relies on the breach by the defendants of the alleged agreement to provide subsistence, support and necessities for the plaintiff during her life and in addition to give the plaintiff a furnished cottage with the land on which it stood. The third count is based on a *quantum meruit* under the common counts.

The defendants filed, in addition to pleas of the general issue and the statute of limitations to all counts, a further special plea to the first and second counts, whereby they set up the statute of frauds. To these last special pleas the plaintiff then filed replications asserting that the alleged

promises and undertakings, or some note or memorandum thereof, were in writing signed by the defendants' testatrix or by somebody thereunto duly authorized.

At the trial, however, when the evidence offered by the plaintiff in support of the agreement tended to establish an oral and not a written promise, the defendants objected and a conference was held between the court and counsel. Thereupon the plaintiff withdrew her second and third counts, and the trial proceeded solely on the first count and the issues joined by the pleadings relating thereto.

The plaintiff again offered testimony of an oral promise to prove the alleged agreement by Fanny Foster as follows: Q. "Now will you tell the Court and jury, Miss Kinden, what the conversation was that you had at this time with Mrs. Moriarty and Miss Foster, starting with how the conversation arose?" A. "I told them I had to go back to my work, and Miss Foster and Mrs. Moriarty said, 'No, not yet. Why go so quick?' I said, 'I have my pupils to attend to and I need to earn money.' 'And why don't you give up your work and come stay with us?' And I repeated, 'I have got to earn money.' 'Well, that will be taken care of' Mrs. Moriarty said. 'If you come and stay with us we will take care of you for the rest of your days.' "

Q. "Is that all the conversation?" A. "Then Mrs. Moriarty said, 'Isn't that so, Cousin Fanny?' Miss Foster said, 'Yes, Inga.' 'Then' I says, 'that settles it. I will do it.' Then I asked for three weeks to go back to Brooklyn and wind up my affairs and they both said, 'That is a long time, Inga. Do you need three weeks'. 'Yes, I do.' 'Well, go then, but come back soon; as soon as you can.' "

The striking out of this testimony by the trial justice, on motion of the defendants, forms the basis of the plaintiff's second exception, which in turn controls the third exception. The plaintiff concedes that, if this evidence was properly stricken out, there would not be sufficient evidence to support her claim, and a nonsuit was proper. But she contends

that it was error to strike out this testimony for the reason, assigned by the trial justice, that it tended to prove a joint promise and was at variance with the allegation in the declaration of an individual promise by Fanny Foster. The plaintiff argues substantially that the above evidence tended to show an individual and not a joint promise; and further that, even if it established the joint promise of Fanny Foster and Mary S. Moriarty, the death of one of the joint promisors warranted a separate action against the executors of the deceased.

Assuming the law to be as urged by the plaintiff, it does not follow in the circumstances here presented that the striking out of this testimony was erroneous. The defendants, by their special pleas, urged from the beginning and strongly argued before us that the alleged claim was an entirety and necessarily involved a transfer of real property, thus bringing it within the terms of the first paragraph of the statute of frauds and requiring proof thereof by written evidence. G. L. 1923, chap. 333, sec. 6.

Whether or not the claim itself was in fact entire or divisible need not be considered here. The question, rather, underlying the plaintiff's second exception, which is controlling in the case, is whether the plaintiff has stated her claim in the probate court and in the first count, as if it were entire and based solely on a promise to transfer real property and to provide other things not in themselves related to real property or within the purview of the statute of frauds.

The claim, as filed in the probate court states "the failure of the deceased, Fanny Foster, to perform divers promises made to the undersigned to give her a furnished cottage and the land on which it stands and to provide, in addition, for her support, subsistence and her necessities during the remainder of her life," and sets forth "damages for failure of the deceased to give her the furnished cottage and land, $15,000.00" and "damages for failure of the deceased to

provide for her support, subsistence, and her necessities during the remainder of her life, $25,000.00."

In the first and only count of the declaration which was before the court, the plaintiff states this claim in the conjunctive as if it were entire, thus necessarily involving a transfer of the cottage and land on which it was located, as well as other matters not of themselves related to real property.

Furthermore, the plaintiff's bill of particulars, to which the proof was restricted, specifically sets forth in the third paragraph that: "The exact date on which Fanny Foster, the defendants' testatrix, promised she would transfer a certain bungalow to the plaintiff, as requested in paragraph 3 of the defendants' motion for bill of particulars, the plaintiff does not now recall. However, Fanny Foster, the defendants' testatrix, herself and by her servant and agent, Mary S. Moriarty, did first promise the plaintiff that she would transfer a certain bungalow to the plaintiff, fully furnished, in a conversation that occurred at 'Ridgemere' approximately eight years before the death of said Fanny Foster. Said Fanny Foster, herself and by her servant and agent, Mary S. Moriarty, did also make similar promises to the plaintiff on divers occasions thereafter, the exact times of which the plaintiff does not now recall, but said promises were made, from time to time, from 1926 to November, 1933, when the plaintiff finally accepted said Fanny Foster's promise that if the plaintiff gave up her business and came to 'Ridgemere' she would provide her with a home and with subsistence for the remainder of her life."

From these statements it is clear that the promise relied upon is alleged as if it was entire and indivisible, based solely on the promise to transfer real estate and to provide subsistence, support and necessities. No attempt is made in the single count before the court to divide this promise into its alleged parts. The claim, as stated, mingles the promise of a matter within the terms of the statute of

frauds with the promise of other matters not in themselves within such statute. Such a promise brings the whole claim within the statute, and could be proved only by written evidence.

Significantly this conclusion was recognized by the plaintiff's replication, to the defendants' special plea of the statute of frauds, that the alleged promise of the defendants' testatrix was in writing and signed by her or by somebody thereunto duly authorized.

The only evidence offered in support of the alleged promise was oral and tended to prove only a promise which was radically different from that alleged in the first and only count of the declaration before the court, and set up in the claim filed in the probate court and in the bill of particulars. Therefore, in view of the issue and state of the pleadings at that time, the oral evidence offered was incompetent to prove and was at variance with the claim as alleged, and was properly stricken from the record. See Browne on Statute of Frauds, (5th ed.) 182-186. *Rand* v. *Mather,* 11 Cush. 1 and *Irvine* v. *Stone,* 6 Cush. 508; *Hurley* v. *Donovan,* 182 Mass. 64. Therefore, there is no merit in the plaintiff's second exception.

The oral evidence having been excluded properly, it is conceded that there was no competent evidence to support the plaintiff's claim as alleged. Therefore, the granting of a nonsuit of the plaintiff was not erroneous, and the plaintiff's third exception cannot be sustained.

In this view of the case the question of whether or not the evidence of the inventory in the estate of Fanny Foster was correctly excluded becomes immaterial.

All the plaintiff's exceptions are overruled and the case is remitted to the superior court for the entry of judgment on the nonsuit.

*Sheffield & Harvey, William P. Sheffield,* for plaintiff.

*Marshall Swan, Eugene J. Phillips, Swan, Keeney & Smith,* for defendant.